UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:09-cr-478-VMC-MAP

DENZIL JACKSON

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Denzil Jackson's pro se "Renewed Motion for Sentence Modification Pursuant to 18 U.S.C. [§] 3582(c)(1)(A)" (Doc. # 150), filed on January 25, 2021. The United States responded February 16, 2021. (Doc. # 152). For the reasons that follow, the Motion is denied.

I.  **Background**

On September 30, 2010, the Court sentenced Jackson to 235 months imprisonment and 60 months supervised release for conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana. (Doc. # 90). According to Bureau of Prisons records, Jackson is 47 years old and is expected to be released on November 28, 2023. (Doc. # 152 at 2).

In his Motion, Jackson seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his underlying medical issues, which include HIV, deep vein thrombosis, and diabetes. (Doc. # 150). Alternatively, Jackson requests home confinement or permission to return to his birth country of Jamaica. (Id. at 3). The United States has responded (Doc. # 152), and the Motion is ripe for review.

## II.   Discussion

Jackson seeks compassionate release or, in the alternative, a "sentence modification [that would] remove Jackson from the institutional environment." (Doc. # 150 at 3). Specifically, Jackson proposes either home confinement with his wife in Brooklyn, New York, or the ability to return to his birth country of Jamaica. (Id.). The Court will address each request in turn.

### A.   Request for Compassionate Release

The United States argues that the Motion should be denied on its merits. (Doc. # 152 at 11). Assuming that Jackson has exhausted his administrative remedies, the Court agrees with the United States and denies the Motion because Jackson's circumstances are not extraordinary and compelling.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317–18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially applies to Jackson is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Jackson bears the burden of establishing that compassionate release is warranted. See United States v.

3

Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

Jackson argues that his chronic conditions (namely HIV, deep vein thrombosis, and diabetes), leave him more vulnerable to the COVID-19 pandemic. (Doc. # 150 at 1). However, the mere presence of COVID-19 at Jackson's facility is not an extraordinary and compelling reason warranting release. The Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Nor is there evidence that Jackson's medical conditions "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility" or are otherwise serious enough to warrant release. USSG § 1B1.13 comment. (n.1). According to his medical records, Jackson is "at usual baseline" and "able to ambulate[,] eat[,] and drink." (Doc. # 150-1 at 1). His diabetes is currently being treated with statin and the BOP is monitoring his lipids.

(Id. at 1, 5). His deep vein thrombosis is "stable on chronic anticoagulation [with] warfarin." (Id.).

As far as Jackson's HIV, the Court agrees that such a condition must be taken seriously, especially in light of COVID-19. However, "advances in medical treatment have made HIV a manageable condition." United States v. Jackson, No. 3:15-cr-185-MMH-PDB, 2021 WL 62494, at *1 (M.D. Fla. Jan. 7, 2021). Jackson has not shown any evidence that he has a low CD4 cell count — which would indicate a scarcity of white blood cells able to fight infection — or a weakened immune system. See Id. (denying compassionate release where a prisoner's HIV was described as "asymptomatic" and the prisoner "[did] not point to any evidence that he [had] a low CD4 cell count"). On the contrary, Jackson's medical records indicate his HIV is "asymptomatic [with] moderate CD4" levels. (Doc. # 150-1 at 1, 5).

Therefore, Jackson's medical conditions do not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)(denying compassionate release where a prisoner's medical records indicated his "many conditions [were] being controlled with medication"); United States v. Carter, Crim. No. 107-076,

2020 WL 4194014, at *2 (S.D. Ga. July 21, 2020) (finding no compelling and extraordinary justification for release where defendant was on HIV medication and had a CD4 count of 488); United States v. Wright, Crim. No. 18-5, 2020 WL 4227564, at *1, 3 (W.D. Va. July 22, 2020) (denying compassionate release where defendant's HIV was asymptomatic and she had a "stable" CD4 count).

Although the Court is sympathetic to Jackson's medical concerns, his various treatments appear to be effective. "[S]peculation at this point about what may or may not occur at some point in the future does not constitute a 'compelling and extraordinary' reason for release." See United States v. Esmond, No. CR 18-15 (SDW), 2020 WL 4915669, at *3 (D.N.J. Aug. 21, 2020) (denying compassionate release for prisoner with HIV where medical issues "appear[ed] to be under control" and responding to treatment).

Accordingly, Jackson has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied.

## B.   Request for Home Confinement

In the alternative, Jackson requests that the Court modify his term of imprisonment so that he may complete his sentence while on home confinement, or in his birth country

of Jamaica. (Doc. # 150 at 3). However, the Court has no authority to direct BOP to place Jackson in home confinement — either in New York or Jamaica — because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (per curiam) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)).

Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]"). Therefore, Jackson's request for home confinement and/or permission to return to Jamaica falls outside Section 3582(c)'s grant of authority, and the Motion is denied as to this request.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Denzil Jackson's pro se "Renewed Motion for Sentence Modification Pursuant to 18 U.S.C. [§] 3582(c)(1)(A)" (Doc. # 150) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of April, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE